UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,    Case No. 08-20058

    Plaintiff,    Paul V. Gadola
    District Judge

vs.

    Michael Hluchaniuk
ROBERT PAUL BINKLEY,    Magistrate Judge

    Defendant.

                              /

## **REVOCATION OF RELEASE AND ORDER OF DETENTION**

Procedural Background

The defendant, Robert Paul Binkley, was indicted on January 30, 2008, by a grand jury, and charged with being in possession of a dozen firearms following a conviction for a felony offense. Mr. Binkley was arrested and initially appeared in court on February 8, 2008. At that time he was released on an unsecured bond with a number of conditions including a condition that he not commit any offense in violation of federal, state or local law. Information was brought to the attention of the court alleging that Mr. Binkley had threatened a potential government witness in the present case and proceedings were initiated by the Pretrial Services

1

Agency to review the conditions of Mr. Binkley's release in light of this allegation.

Applicable Law

The circumstances where a person released under 18 U.S.C. § 3142 is charged with violating the conditions of his or her release is governed by 18 U.S.C. § 3148. If a person is found to have violated the conditions of release, that person can have their release revoked and an order of detention can be entered.

Where such an allegation is made, a hearing should be conducted and if, after the hearing, it is determined that (1) there is probable cause to believe that a crime has been committed or (2) clear and convincing evidence that another violation has been committed, <u>and</u>, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, <u>or</u>, the person is unlikely to abide by any condition or combination of conditions of release, the person "shall" be detained. § 3148(b)(1) and (2).

Additionally, if there is probable cause to believe that the person has committed a felony while on release, a rebuttable presumption arises that no condition or combination of conditions will assure that the defendant will not pose a danger to the safety of any other person or the community. *Id*.

## Hearing Results

A hearing was held as to this allegation on February 29, 2008. Three witnesses testified at the hearing regarding the alleged violation of Mr. Binkley's conditions of release. The first witness, Bernice Hill, was called as a witness for the government. Ms. Hill testified that she had known Mr. Binkley since 1990 as a result of Mr. Binkley's friendship with Ms. Hill's former husband. She further testified that in the summer of 2007 she was contacted by a law enforcement officer regarding her former husband and Mr. Binkley. According to Ms. Hill's testimony, Mr. Binkley subsequently contacted her, indicated that he was "upset," and accused Ms. Hill of "turning him in."

Ms. Hill also testified that, on February 25, 2008, Mr. Binkley had called her at her place of work and said, among other things, that she "wouldn't live to go to trial." When she left work following the phone call, Ms. Hill said she was punched in the face as she approached her vehicle by a man she did not know who said it was a "message from" Mr. Binkley. Later that evening she reported the phone call to the law enforcement officer she had spoken with earlier, Detective David Kirk. No other witnesses were called by the government.

The defense called two witnesses. The first witness was an investigator for

defense counsel who testified that he had interviewed Ms. Hill and that she had allegedly made statements during his interview that were inconsistent with or different from the statements she made in court. The second witness, a personal friend of Mr. Binkley's, testified that Mr. Binkley was not a violent person and that the witness had never seen Mr. Binkley threaten another person.

## Conclusion

While the defense attacked the credibility of Ms. Hill by pointing out inconsistencies in the statements she has made regarding the threat by Mr. Binkley, the inconsistencies were viewed as not being all that extraordinary given her apparent level of sophistication and the relatively unnerving and frightening situation that she described. She had no demonstrated motive to fabricate such a story regarding Mr. Binkley and her demeanor in court did not indicate that she was giving false testimony about the matter in question. The testimony by Mr. Binkley's social friend was not particularly persuasive as to whether a threat was made in that the circumstances that the friend described relating to Mr. Binkley's conduct were not similar in nature to the circumstances of the threat to Ms. Hill.

The testimony of Ms. Hill was sufficient to establish, to at least a probable cause standard, that the defendant had committed a crime while on release and that

the crime committed was a felony. (Threatening a federal witness in violation of 18 U.S.C. § 1512(b) is a felony offense). Therefore, the evidence at the hearing established that the defendant had committed a felony while on release and that gave rise to a rebuttable presumption that the defendant was a danger to the community or some other person. That presumption was not rebutted at the hearing.

Even if the presumption had been rebutted, the evidence established that the defendant had committed a crime while on release, that there were no conditions or combination of conditions of release that would assure the safety of others in the community, and that the defendant is unlikely to abide by other conditions of release. Under these circumstances, the statute provides that the defendant "shall" have his bond revoked and will be detained. § 3148(b).

**IT IS THEREFORE ORDERED** that the bond previously set in this matter is revoked and that the defendant is detained pending the trial.

                                                               s/Michael Hluchaniuk
                                                               Michael Hluchaniuk
Date:  March 5, 2008                           Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Robert Haviland, AUSA and David Koelzer, Federal Defender Office, and I hereby certify that I have mailed by United States Postal Service/hand-delivered the paper to the following non-ECF participants: Pretrial Services Officer - Flint, Michigan, U.S. Marshal - Flint, Michigan.

                                             s/James P. Peltier
                                             Courtroom Deputy Clerk
                                             U.S. District Court
                                             600 Church Street
                                             Flint, MI 48502
                                             (810) 341-7850
                                             pete_peltier@mied.uscourts.gov