# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,       Case No. 08-20058

    Plaintiff,      Sean F. Cox
    U.S. District Judge

vs.

    Michael Hluchaniuk
ROBERT PAUL BINKLEY,      U.S. Magistrate Judge

    Defendant.
_____/

## ORDER DETERMINING DEFENDANT
## COMPETENT TO STAND TRIAL

Based on information previously provided to the undersigned and without a motion being filed by either the government or the defense, it appeared that there was reasonable cause to believe that defendant was suffering from a mental disease or defect that had rendered him incompetent to understand the nature and consequences of the proceedings or unable to properly assist in his defense.

Pursuant to 18 U.S.C. § 4241(b), it was ordered that a psychiatric or psychological examination of defendant be conducted under the provisions of 18 U.S.C. § 4247(b) and (c) and that the results of such an examination be furnished to the Court and to the parties before the next scheduled hearing in this matter. Such an examination was conducted by Dr. Harold S. Sommerschield and the

1

report was provided to the parties. The report included information about defendant's background and the results of certain tests that were conducted as part of the testing process. The report concluded that, although defendant had certain cognitive disabilities, probably resulting from injuries he sustained in a motorcycle accident, he appeared to understand the nature of the proceedings that he was facing and was also able to reasonably assist his attorney in the preparation of a defense.

A person is incompetent to stand trial in a federal criminal proceeding if that person is "presently ... suffering from a mental disease or defect [that renders] him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). The Supreme Court phrased it in slightly different terms in *Dusky v. United States*, 362 U.S. 402 (1960) when it held that a person is competent if he has the "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding - and ... a rational as well as factual understanding of the proceedings against him."

A hearing relating to defendant's competency to stand trial was held on June 12, 2008. The evidence at the hearing consisted of Dr. Sommerschield's report and the proffer of defense counsel. The government did not advocate that defendant

was incompetent to stand trial and defendant did not claim to be incompetent, although it is clear that a defendant's view of their own competency may not be the most persuasive evidence on that issue.  Defense counsel represented to the Court that, in his opinion, defendant had an understanding of the charges against him and was able to communicate effectively with the defense attorney about the issues associated with the criminal charges.

Based on the evidence and other information presented at the hearing, it was established by a preponderance of the evidence that defendant is able "to understand the nature and consequences of the proceedings against him" and has the "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding."

**IT IS ORDERED** that defendant is competent to stand trial under the standards contained in [18 U.S.C. § 4241(a)](). A determination of competency at this stage of the proceedings is not a determination that defendant will continue to competent for the future.  If defense counsel believes that defendant's situation has changed he may reopen this issue at any time prior to sentencing. *Id.*

**IT IS SO ORDERED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service of this Order as provided

for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not thereafter assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part(s) of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Date: June 13, 2008                                              s/Michael Hluchaniuk
                                                                         Michael Hluchaniuk
                                                                         United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Robert Haviland, AUSA and David Koelzer, Attorney at Law, and I hereby certify that I have mailed by United States Postal Service/hand-delivered the paper to the following non-ECF participants: Pretrial Services Officer.

                                                                         s/James P. Peltier
                                                                         Courtroom Deputy Clerk
                                                                         U.S. District Court
                                                                         600 Church Street
                                                                         Flint, MI 48502
                                                                         (810) 341-7850
                                                                         pete_peltier@mied.uscourts.gov