UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                               Cr. Case No. 08-20058

Robert Paul Binkley,                            Honorable Sean F. Cox

    Defendant.
_____/

**OPINION & ORDER DENYING
DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

Defendant Robert Paul Binkley ("Binkley" or "Defendant") is currently charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The matter is currently before the Court on Defendant's Motion to Suppress Evidence, wherein he asks the Court to suppress evidence seized during a search on June 1, 2007. Defendant first contends that the search warrant at issue in this case is invalid because the affidavit failed to establish probable cause. Second, Defendant contends that the officers are not entitled to maintain the search under the *Leon*[1] good faith exception because a reasonably-trained officer would have known of the deficiency. The Court held a hearing on this motion on August 19, 2008. For the reasons below, the Court shall DENY the motion.

BACKGROUND

On June 1, 2007, officials conducted a search, pursuant to search warrant, of a residence located at 115 East Third Street, Morrice, Michigan. Numerous items were seized during that

---

[1] *United States v. Leon*, 468 U.S. 897 (1984).

1

search, including firearms, which form the basis for the charges against Defendant.

The Search Warrant at issue was issued on June 1, 2007. (*See* Search Warrant, attached as Ex. A to Def.'s Motion). The supporting affidavit before the issuing magistrate stated as follows:

> 1) Your affiant is a Sergeant with the Perry Police Department and has over six years of law enforcement experience.
>
> 2) On June 1, 2007, your affiant met with Roy Wygant at the Perry Police Department. Wygant described a meeting that he had on May 24, 2007, with Mel Hill at Hill's residence at 6740 West Bath Road, Perry, Michigan. Hill asked Wygant if he was interested in purchasing MAC-10 weapons. Hill described the weapons as "not altered" and "illegal as they come." Hill told Wygant that the weapons were brand new and that he would arrange for Wygant to see them the next day. Hill informed Wygant that Robert Binkley was holding the weapons for him.
>
> 3) Wygant informed your affiant that on Friday, May 25, 2007, he met with Robert Binkley at Binkley's residence on Main Street in Perry. Binkley informed Hill that the weapons were stored at his son's house. Wygant followed Binkley to Todd Binkley's residence at 115 East Third Street, Morrice, Michigan.
>
> 4) Wygant informed your affiant that on May 25, 2007, he and Robert Binkley entered the residence at 115 East Third Street, Morrice, Michigan. Binkley pulled down the attic stairs and climbed into the attic, directing Wygant to remain out of the attic.
>
> 5) Wygant informed your affiant that he is a Vietnam veteran, with three tours of duty, and extensive experience with weapons and ammunition.
>
> 6) Wygant was able to observe approximately six two foot by one foot boxes, consistent in his experience with small caliber ammunition containers. Wygant was unable to see into the boxes, but, informed your affiant that they appeared to be unopened.
>
> 7) Wygant informed your affiant that while Binkley was in the attic of the residence at 115 East Third Street, Morrice, Michigan, he handed down one brand new MAC-10 rifle. The weapon was still in its brown wax-paper wrapping. After unwrapping the weapon, Wygant asked Binkley how many weapons he had and Binkley responded that the believed he had 20. Binkley also informed Wygant that he had been informed by Hill that there were approximately 5000

2

rounds for the weapon in the attic.

8) Based upon your affiant's experience, the brown waxy paper described by Wygant is kosmaline, a substance used to seal and preserve weapons. Your affiant is also aware that the MAC-10 has a switch on the side of the weapon to set the weapon's firing rate. Based upon your affiant's experience and training, if the switch can be put into the fully automatic setting, the weapon is capable of fully automatic fire.

9) Your affiant is informed that Chief Mike Sheldon of the Morrice Police Department showed a video of the residence at 115 East Third Street, Morrice, to Wygant and Wygant confirmed that this was the residence where the guns were stored. Your affiant confirmed through the Shiawassee County Sheriff's Department that this is the residence of Todd Binkley.

(Ex. A to Def.'s Motion, at 2-3).

The Court held a hearing on Defendant's motion on August 19, 2008. At that hearing, neither party called any witnesses to testify before the Court.

ANALYSIS

A.  Probable Cause Determination:

In his motion, Defendant asserts that the search warrant affidavit failed to establish probable cause. Defendant relies on *United States v. Leake,* 998 F.2d 1359 (6th Cir. 1993) and *United States v. Weaver*, 99 F.3d 1372 (6th Cir. 1996). Defendant also relies on *United States v. Williams*, 2008 WL 1743346 (E.D. Mich. 2008) an unpublished, non-binding district court decision wherein Judge Ludington granted a motion to suppress, finding a lack of probable cause. Defendant asserts that the search warrant affidavit is insufficient because it does not show that the informant is worthy of belief or show sufficient corroboration of the affiant's statements.

The Government responds that this case can easily be distinguished from those that Defendant relies on. It contends that the supporting affidavit here has considerable supporting factual detail concerning the criminal activity. The Government also emphasizes that, unlike the

3

cases Defendant relies on, the individual providing the information here, Wygant, was not an anonymous tipster or a confidential informant, but rather, was named in the affidavit. In addition, there is no indication that Wygant had been arrested or implicated in any criminal activity. The Government contends that based on the following cases, the Court should deny the motion because the affidavit establishes probable cause: *United States v. Pelham*, 801 F.2d 875 (6th Cir. 1986); *United States v. Allen*, 211 F.3d 970 (6th Cir. 2000); *United States v. Miller*, 314 F.3d 265 (6th Cir. 2003); and *United States v. Evans*, 2007 WL 2109555 (E.D. Mich. 2007).

After careful consideration of these arguments, the Court shall deny the motion because the search warrant affidavit itself establishes probable cause.

The Fourth Amendment states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation . . ." U.S. Const. amend. IV. The test for probable cause is simply whether there is a fair probability that contraband or evidence of a crime will be found in a particular place. *United States v. Miller*, 314 F.3d 265, 268 (6th Cir. 2002). "It is not necessary that the evidence establishing probable cause reflect the personal observations of a law enforcement official." *Id.*

When a magistrate is presented with an application for a search warrant, he must consider the totality of the circumstances and "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). "An issuing judge's findings of probable cause should be given great deference by the reviewing court and should not be reversed unless arbitrarily exercised. *United States v. Miller*, 314 F.3d at 269. Moreover, "[c]ourts should review the sufficiency of an

4

affidavit underlying a search warrant in a commonsense, rather than a hypertechnical, manner." *Id.*

Accordingly, the issue to be determined here is whether the "totality of the circumstances" supported the issuing magistrate's determination that there was a substantial basis to conclude that a search would uncover evidence of wrongdoing.

The Court agrees that this case can readily be distinguished from the cases relied on by Defendant. In *United States v. Weaver*, the information in the affidavit was provided by a confidential informant and the "bare bones" affidavit provided very few particularized facts linking the suspect and the premises to illegal drugs or other illegal activities. Similarly, in *United States v. Leake*, the information was provided by an anonymous tipster, was not corroborated, and the affidavit lacked supporting factual details. For example, no individual's names were mentioned in the affidavit and the informant did not identify the date or dates upon which he saw the drugs at issue.

Here, on the other hand, the information in the affidavit was provided by a named informant, Wygant, who would be subject to prosecution if the information he provided was fabricated. *See United States v. Miller*, 314 F.3d 265, 270 (6th Cir. 2002). In addition, unlike the affidavits at issue in *Weaver* and *Leake*, the affidavit here contains particularized facts, including the addresses of the premises that Wygant visited, the dates of the visits, the names of the individuals who Wygant spoke to during the visits, the substance of their conversations, and details regarding the contraband that he observed.

The Court believes that the facts of this case are more similar to those seen in *United States v. Pelham*. In *Pelham*, the Sixth Circuit held that "[w]hen a witness has seen evidence in

5

a specific location in the immediate past, and is willing to be named in the affidavit, the 'totality of the circumstances' presents a 'substantial basis' for conducting a search for that evidence." *United States v. Pelham*, 801 F.2d at 879. In that case, the information in the affidavit was provided by a named informant, who stated that within the past 24 hours he had been inside the premises and had personally seen the defendant selling and storing marijuana.

Like the facts in that case, the affidavit here was based on the statements of a **named informant** who stated that he had recently[2] been inside the very premises at issue and had personally observed Defendant storing automatic weapons and ammunition. In addition, the affidavit also contained numerous, and specific, factual details regarding Wygant's reasons for believing that illegal contraband existed in the premises and was being offered for sale by Defendant. Thus, the Court concludes that the affidavit was adequate on its face to create a substantial basis for concluding that a search of the premises would uncover evidence of wrongdoing.

B.   *Leon* "Good Faith Exception:"

Assuming for the sake of argument that Defendant can establish that the search warrant affidavit did not establish probable cause, however, the Court would nevertheless conclude that the evidence should not be suppressed under *Leon*.

---

[2]At oral argument, Defense counsel also challenged the warrant on the ground that the named informant had stated he had been in the premises seven days before the warrant was issued. The Court finds this staleness argument to be without merit. *See United States v. McCraven*, 401 F.3d 693 (6th Cir. 2005)(where search warrant affidavit stated that informant had been inside the premises and observed the illegal contraband five days before the warrant was obtained). In addition, the magistrate could reasonably adduce from Wygant's statements that multiple weapons and a significant amount of ammunition were stored on the premises such that the premises served as a base for ongoing criminal activity. *United States v. Braden*, 248 Fed. Appx. 700 (6th Cir. 2007).

"In *Leon*, the Supreme Court held that the exclusionary rule 'should be modified so as not to bar the admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective.'" *United States v. Weaver*, 99 F.3d 1372, 1380 (6th Cir. 1996)(quoting *Leon*, 468 U.S. at 905). There are four specific situations where the good faith reliance exception is inappropriate: 1) if the issuing magistrate was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; 2) if the issuing magistrate wholly abandoned his judicial role; 3) if the affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable (i.e. the warrant was supported by nothing more than a "bare bones" affidavit[3]); and 4) where the warrant is so facially deficient that it cannot reasonably be presumed valid. *Id.*

Here, Defendant contends that the third exception applies. That is, he contends that the *Leon* good faith exception cannot be applied here because a reasonable officer would know that a search based on the affidavit at issue was illegal. (*See* Def.'s Br. at 7). Defendant again relies on *Leake* and *Weaver*. As discussed *supra*, however, both *Leake* and *Weaver* involved situations where a "bare bones" affidavit was submitted in support of the search warrant. Here, in contrast, the affidavit supporting the search warrant application contains particularized facts, including the addresses of the premises that Wygant visited, the dates of his visits, the names of the individuals who Wygant spoke to during the visits, details regarding the contraband that he observed while on the premises, and the basis of his knowledge.

---

[3]An affidavit that states suspicions, beliefs and/ or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, or basis of knowledge is a "bare bones" affidavit. *United States v. Weaver*, 99 F.3d at 1377-78.

Accordingly, assuming *arguendo* that the search warrant affidavit did not establish probable cause, this Court would conclude that the *Leon* good faith exception would not apply under the facts of this case.

The Court shall therefore deny Defendant's Motion to Suppress in its entirety.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's Motion to Suppress is DENIED.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: August 20, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 20, 2008, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager